10

United States District Court
Southern District of Texas
ENTERED

OCT 28 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SIDNEY BERNARD GARRISON      *
                             *
VS.                          *     CIVIL ACTION
                             *     NO. B-98-115
WARDEN ANDERSON, ET AL       *

MEMORANDUM ORDER OF DISMISSAL

Before this Court is Petitioner's Motion to Proceed in Forma Pauperis along with a "Complaint" filed by a pro se prisoner incarcerated in a privately managed prison located in Raymondville, Willacy County, Texas. This Court has read the pleadings and considered the issues raised in light of the record and the applicable law and is of the opinion that Petitioner's Motion to Proceed in Forma Pauperis should be denied and this cause of action be dismissed without prejudice.

In support of the aforementioned opinion this Court files the following findings:

1. This cause of action was initially filed under 42 U.S.C. § 1983, in the Corpus Christi Division of the Southern District of Texas, on July 14, 1998.

2. Petitioner is a prisoner incarcerated in a privately managed prison located in Willacy County, Texas. Willacy County is in the Brownsville Division of the Southern District of Texas.

3. Petitioner's allegations are basically allegations of negligence against:

   (a) a laundry supervisor for assigning him to work in a restricted area without rubber gloves, boots and goggles in violation of State Safety Procedures;

   (b) another inmate for tilting an open 55 gallon drum of bleach and letting go suddenly, thus splashing bleach on Petitioner's face, eyes and mouth;

   (c) a supervisor for making him wait, 10 to 15 minutes until she did her paperwork, before sending him to receive medical attention; and

   (d) the medical facilities of Wackenhut Correction for failure to provide him with adequate medical treatment.

4. Plaintiff's allegations are insufficient to state a claim of constitutional violation under 42 U.S.C. 1983. Consequently they are subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

5. Section 1915 (d)(e)(2) of Title 28 mandates that this cause of action be dismissed

> notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that:
>
> ....
> (B) the action or appeal
> ....
> (ii) fails to state a claim on which relief may be granted;

2

Because of the foregoing, it is Ordered that this cause of action be DISMISSED Without Prejudice.

Done at Brownsville, Texas, on this 27 day of October, 1998.

_____
Hilda G. Tagle
United States District Judge

3